278 F.2d 142
 METAL POLISHERS, BUFFERS, PLATERS AND HELPERS INTERNATIONAL
UNION, LOCAL 44, AFL-CIO, Appellant,
v.
VIKING EQUIPMENT COMPANY, a Corporation of the State of New Jersey.
 No. 13215.
 United States Court of Appeals Third Circuit.
 Argued May 9, 1960.
Decided May 13, 1960.
 
 Richard P. Weitzman, Newark, N.J. (Parsonnet, Weitzman & Oransky, Newark, N.J., on the brief), for appellant.
 Blaine E. Capehart, Camden, N.J. (Richards, Capehart & Wood, Camden, N.J., on the brief), for appellee.
 Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff union sues the defendant asking for money damages for breach of contract, for submission of a dispute to an impartial mediator in accordance with the terms of the contract and, in a second count, for an injunction restraining defendant from entering into or continuing in effect any agreement with any labor organization other than the plaintiff for the class of employees alleged to be covered by the plaintiff's contract. Jurisdiction of the district court is based on Section 301(a) of the Labor-Management Relations Act, 29 U.S.C.A. 185(a). The district judge denied the motion for preliminary injunction and held a motion for summary judgment under consideration.
 
 
 2
 The plaintiff union had a collective bargaining contract with the defendant employer which expires by its terms on May 31, 1960 although it is to be continued from year to year unless certain required notices are given. The defendant, in December, 1959, moved its plant from East Orange, New Jersey, to Pennsauken, New Jersey. It takes the position that this move on its part brought the contract with the plaintiff union to an end since, it argues, the contract applies only to activities by the defendant in East Orange, New Jersey. The district judge accepted this view. In denying the motion for preliminary injunction he really passed on the merits of the case since, obviously, if the contract was no longer in force the plaintiff is not entitled to injunctive or any other kind of relief.
 
 
 3
 We disagree with the district judge in his interpretation of the contract. We do not think it is to be interpreted as applicable only to defendant's activities in East Orange, New Jersey. And we do not think that the defendant brought it to an end by its unilateral action in moving from East Orange to Pennsauken. Since the case was decided, not upon the ground that equitable relief was not applicable, but on the ground that the plaintiff was entitled to no relief at all, we shall reverse. The case will be remanded to the district court with instructions to proceed to the consideration of the merits of the plaintiff's claim for equitable relief and any other remedy which is requested by it for the breach of contract.